

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann
~~XXXXXXXXXXXXXX~~XXX
~~WILL WILSON~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. O-4482
Re: Construction of Article 793,
V. A.C.C.P., (as amended by S.B.
222, 48th Legislature), and con-
struction of Article 920, V. A.
C.C.P.

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"Kindly give me an opinion relative to the pro-
cedure in time in jail and allowance per day on fine
and costs in a misdemeanor case in the Justice Court.

"Art. 920 C.C.P.(2) recites a ten day imprison-
ment while the above article, (referring to Article
793, V. A.C.C.P., as amended by S.B. 222, 48th Legis-
lature) in my opinion, conflicts, therefore I desire
to be informed which article prevails?

"If a person is in jail with a total amount of
$14.00 for fine and costs and serves four days and
pays $2.00 I consider his fine and costs paid in full
and he is to be discharged, but if he is in jail to
serve a total of $14.00 for fine and costs and after
being in jail 5 days requests a release, as he has
really paid $15.00 for the $3.00 per day allowed un-
der S.B. 222, I do not know just how to inform the
Justice of the Peace on account of the conflict with
Art. No. 920 C.C.P. It appears to me he has forfeited
his right to release by not having tendered some pay-
ment before the 5 days elapsed.

". . . ." (Bracket insertion ours)

Article 793, Vernon's Annotated Texas Code of Criminal
Procedure, as amended by Senate Bill 222, 48th Legislature of
Texas, 1943, reads as follows:

"When a defendant is convicted of a misdemeanor
and his punishment is assessed at a pecuniary fine,
if he is unable to pay the fine and costs adjudged
against him, he may for such time as will satisfy the
judgment be put to work in the workhouse, or on the
county farm, or public improvements of the county, as

provided in the succeeding article; or if there be no such workhouse, farm or improvements, he shall be imprisoned in jail for a sufficient length of time to discharge the full amount of fine and costs adjudged against him; rating such labor or imprisonment at Three ($3.00) Dollars for each day thereof; provided, however, that the defendant may pay the pecuniary fine assessed against him at any time while he is serving at work in the workhouse, or on the county farm, or on the public improvements of the county, or while he is serving his jail sentence, and in such instances he shall be entitled to a credit of Three ($3.00) Dollars for each day or fraction of a day that he has served and he shall only be required to pay the balance of the pecuniary fine assessed against him."

Article 793 of the Code of Criminal Procedure in 1925 provided that when a defendant is convicted of a misdemeanor and his punishment is assessed at a pecuniary fine and that if he is unable to pay the fine and costs he should be imprisoned in jail or put to work in the workhouse or on the county farm or public improvements of the county, rating such labor or imprisonment at $3.00 for each day thereof. This article was amended by the Acts of 1927, 40th Legislature, First Called Session, page 194, chapter 68, Section 1, by reducing the rate from $3.00 per day to $1.00 per day. This article was again amended by the Acts of 1934, 43rd Legislature, Second Called Session, page 85, chapter 33, Section 1, by changing the rate from $1.00 per day to $3.00 per day. This Article was again amended by the Acts of 1937, 45th Legislature, First Called Session, House Bill 45, Section 1. The 1937 amendment to Article 793 provided certain exceptions applying to counties of certain population brackets. The case of Ex parte Ferguson, 132 S.W.(2d) 408, Texas Court of Criminal Appeals, held the bracket exceptions contained in the 1937 amendment to Article 793, unconstitutional and void.

Article 920, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"A defendant placed in jail on account of failure to pay the fine and costs can be discharged on habeas corpus by showing:

"1.   That he is too poor to pay the fine and costs, and
"2.   That he has remained in jail a sufficient length of time to satisfy the fine and costs, at the rate of $3.00 for each day.

"But the defendant shall, in no case under this article, be discharged until he has been imprisoned at

least ten days; and a Justice of the Peace may discharge the defendant upon his showing the same cause, by application to such justice; and when such application is granted, the justice shall note the same on his docket."

The Court of Criminal Appeals has recognized a distinction between the credit to be allowed for service in jail under the two statutes. We direct your attention to the fact that Article 793, supra, applies to the satisfaction of judgments in misdemeanor cases in courts other than Justice Courts. See Ex parte Fernandez, 57 S.W.(2d) 578; Ex parte McLaughlin, 60 S.W. (2d) 786.

In the McLaughlin case, the conviction was in the Corporation Court of El Paso. Article 793 was held applicable, and the court makes the unequivocal statement that "Article 920 applies alone to convictions before Justices of the Peace."

Presiding Judge Morrow in the Fernandez case, wrote the following:

"The chapter in which Article 920, supra, appears is one having reference to a judgment of conviction in a criminal action before a Justice of the Peace. From what has been said it is apparent that the statutory enactments make a distinction on the subject in hand with reference to the conviction of a misdemeanor before the Justice of the Peace and the conviction of a misdemeanor in courts of higher jurisdiction. The reason for the distinction may be only a matter of conjecture. Since the statutory direction was definite in its terms, the duty of the court to apply it as written is mandatory. However, it may be said that the Justice Courts are limited by the Constitution (Article 5, Section 19) in criminal matters to a fine not exceeding $200.00 while under Article 5, Section 16, other courts are given jurisdiction in misdemeanors of much higher grade and with penalties far more severe."

Article 920 of the Code of Criminal Procedure, therefore relates particularly and applies particularly to Justice Courts.

A study of the opinion in Ex parte Fernandez case, supra, will show that the court clearly recognized the principle that a person who has been convicted of a misdemeanor in the Justice Court, and who was serving his time in jail must remain in jail at least ten days and for a time sufficient to discharge his fine.

We quote from Opinion No. 0-441 of this department as follows:

"It is the opinion of this department that $3.00 per day is the proper rate for allowance or credit to be given prisoners who have been convicted of misdemeanors for serving time in jail, or for working out their fines as provided by law in Collingsworth County, Texas. It is the further opinion of this department that Article 920 of the Code of Criminal Procedure of Texas applies only to convictions obtained in Justice Courts but the same is mandatory as applied to Justice Courts. For example, A, B, and C are all convicted in Justice Courts for misdemeanor. A's fine and costs amount to $15.00; B's fine and costs amount to $30.00 and C's fine and costs amount to $45.00. Under Article 920 of the Code of Criminal Procedure, although said Article allows $3.00 per day for jail service, said article further provides a minimum of ten days imprisonment. A must serve the minimum of ten days; B must serve ten days. B's fine and costs amount to $30.00 which divided by $3.00 would make ten days. C's fine and costs amount to $45.00; he is allowed $3.00 per day; he must serve 15 days."

We quote from Opinion No. 0-1015 of this department as follows:

". . . we respectfully call your attention to the last sentence of the opinion of Ex parte Hill, 15 S.W. (2d) 14, in which the court recognizes that prisoners should be given credit on their fines and costs for service in jail or in the workhouse or other public works. In that case the court states that where a defendant has been indicted for a felony and convicted for a misdemeanor the defendant shall be discharged upon serving of the jail sentence, or fine and costs, at the credit rate of $3.00 per day, or after serving the fine and jail sentence upon the payment 'of whatever balance is due thereon'. We know of no reason for a different rule where the original prosecution was for a misdemeanor in any court having jurisdiction thereof. In the Hill case the Court of Criminal Appeals definitely recognizes the right of a convict to serve part of his time in jail and pay the balance in cash.

"In arriving at the proper credit to be allowed for service in jail under a conviction in the Justice Court, we must observe the provisions of Article 920, Code of Criminal Procedure, supra, that 'the defendant shall, in no case under this Article, be discharged until he has

been imprisoned at least ten days;'.

"It is, therefore, our opinion that a prisoner convicted in the Justice Court, when his total fine and costs is a sum under $30.00 should receive credit for only one-tenth of the total amount for each day he serves. To illustrate, and carry Mr. _____'S example further, A, whose fine and costs amount to $15.00 should receive credit for $1.50 for each day served in custody; should he elect to pay the balance of his obligation in cash after five days in jail, he should be required to pay $7.50 in cash.

"In a letter opinion written August 20, 1935, by Honorable Leon Moses, Assistant Attorney General, to Honorable D. B. Wood, County Attorney of Williamson County (Vol. 366, Letter Opinions, page 656), it was held in any case in Justice Court where the fine and costs are less than $30.00, the proper and reasonable way to allow credit for time spent in jail would be to divide the amount of the fine and costs by ten, which is the minimum number of days that the defendant must serve before being released.

"In your letter you used an illustration of a person who was convicted of a misdemeanor and his penalty affixed at a fine of $1.00 and costs of $13.00, making a total of $14.00, and stated the convict had served four days in jail, wished to pay the balance of his fine and costs in cash, and thereby obtain immediate relief. In this specific instance we are of opinion the defendant should be allowed credit of $1.40 per day, which at four days would amount to $5.60. Subtracting the $5.60 as jail credit, from the total amount of $14.00 would leave a balance of $8.40 which should be paid in order to obtain the release of the defendant from custody."

It is our opinion that the amendment to Article 793, quoted above, applies to misdemeanor convictions in courts other than Justice Courts, and does not affect Article 920 which applies to Justice Courts alone.

Under the facts stated by you the defendant's fine and costs in Justice Court amounted to $14.00 and the defendant paid $2.00 on such fine and costs and served four days in jail. Since his fine and costs are under $30.00, the amount ($14.00) should be divided by ten to arrive at the proper credit to be allowed him for jail service, which amount is $1.40 per day. He served

Hon. H. A. Hodges, page 6  (O-4482)


four days and he should be credited therefor with the sum of
$5.60, which when added to the $2.00 paid, makes the sum of
$7.60.  Subtracting the $7.60 from the total fine and costs
leaves a balance of $6.40 owing by the defendant on said fine
and costs.

Trusting that this satisfactorily answers your inquiry,
we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning
Wm. J. Fanning, Assistant

APPROVED JUL 3, 1943
/s/ Grover Sellers
First Assistant Attorney General

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

WJF:mp:wb